# EXHIBIT A

4803654000          6/3/2008 2:46:09 PM        PAGE    4/017    Fax Server

05/30/2008 11:43 FAX  908 272 1838        HRH                        @003/018
05/28/2008  08:33  2018558763          CLERK                         PAGE  02

Koles, Burke & Bustillo, LLP
2600 Kennedy Boulevard
Jersey City, New Jersey 07306
(201) 200-0300
Attorney for Richard R. Sedell
----------------------------------X

Richard R. Sedell,
   Plaintiff,

   v.

Officer William Paynter, Officer John
Mulvaney, the Weehawken Police Department,
the Township of Weehawken, JOHN
DOES 1-10 (as yet unknown and
unidentified municipal, county or
state officials, supervisors,
agents or employees or entities)
Defendants.
----------------------------------X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: HUDSON COUNTY

Docket No. HUD#L-2486-08

CIVIL ACTION



## COMPLAINT

Plaintiff, RICHARD R. SEDELL, by way of Complaint against defendants, sets forth the following:

### FIRST COUNT

1. At all relevant times herein plaintiff Richard R. Sedell was and is a resident of the State of New Jersey, residing at 371 Bergen Blvd., Fairview, New Jersey (hereinafter sometimes referred to as "SEDELL").

2. At all relevant times herein defendant the Township of Weehawken was and is a public entity organized and existing pursuant to the laws of the State of New Jersey, with the Defendant Weehawken Police Department being an agency within the Defendant Township of Weehawken, both with a place of business at 400 Park Avenue in the Township of Weehawken, County of Hudson, State of New Jersey, hereinafter sometimes referred to collectively as "Weehawken".

Page 3 of 16 Received on 5/30/2008 8:39:08 AM [US Mountain Standard Ti

4803654000           6/3/2008 2:46:09 PM      PAGE    5/017     Fax Server
05/30/2008 11:43 FAX  908 272 1839          HRH                      ☒004/018
05/29/2008  08:33    2018558763             CLERK                    PAGE 03

Page 4 of 16 Received on 5/30/2008 8:39:08 AM [US Mountain Standard Ti

3. At all relevant times herein defendant OFFICER JOHN MULVANEY was and is a police officer employed by the defendants Weehawken, acting in his official capacity under color of law (hereinafter sometimes referred to as "Mulvaney").

~~4. At all relevant times herein defendant OFFICER WILLIAM~~ PAYNTER was and is a police officer employed by the defendants Weehawken, acting in his official capacity under color of law (hereinafter sometimes referred to as "Paynter").

8. At all relevant times herein Defendants OFFICER JOHN DOE Nos. 1-3, which designation is fictitious as the true identities of these defendants is unknown to date, were and are police officer(s) employed by the defendant Weehawken, acting in his/their official capacity under color of law.

9. At all relevant times herein defendants JOHN DOES 4-10 are as yet unknown and unidentified municipal or county officials, supervisors, agents, employees or entities.

11. On or about June 30, 2006, plaintiff RICHARD R. SEDELL ("SEDELL") was arrested by defendants Weehawken, Mulvaney, Paynter and JOHN DOES 1-10 (hereinafter collectively referred to as the "PUBLIC ENTITY" defendants).

12. On or about June 30, 2006, Plaintiff SEDELL was in the care, custody and control of the PUBLIC ENTITY DEFENDANTS when Officers Mulvaney and Paynter arrested Plaintiff within the Township of Weehawken.

13. At all relevant times herein, defendants John Doe 4-10, upon information and belief, the chief supervisory officials

2

4803654000             6/3/2008 2:46:09 PM    PAGE   6/017    Fax Server
05/30/2008 11:43 FAX 908 272 1839    HRH                       005/018
05/28/2008  08:33    2018568763         CLERK                  PAGE 04

or public entity supervisors of the aforementioned defendant entities, with complete authority and control over policymaking, supervision and training of the agents, servants and employees of the aforementioned defendants.

14. ~~While in the PUBLIC ENTITY DEFENDANTS' care, custody and~~ control on or about June 30, 2006, Plaintiff SEDELL was caused to be assaulted and battered by the PUBLIC ENTITY DEFENDANTS, without justification of cause, suffering injury in the course of Defendants Paynter and Mulvaney's arresting Plaintiff, including, but not limited to, forcing Plaintiff's previously compromised left shoulder beyond the range of motion that it could tolerate, despite Plaintiff's prior advice and contemporaneous protests to the Defendants Paynter and Mulvaney to the contrary.

15. Upon information and belief the aforementioned assault, battery and use of excessive and unjustified force was inflicted upon Plaintiff SEDELL by defendant OFFICER MULVANEY, OFFICER PAYNTER and JOHN DOES 1-3.

16. Upon information and belief the aforementioned assault and battery was inflicted upon SEDELL with the knowledge, either express, implied, or constructive of the PUBLIC ENTITY defendants, their agents, servants and employees.

17. Plaintiff SEDELL institutes this action for compensatory and punitive damages arising out of the unlawful actions and conduct of defendants OFFICER WILLIAM PAYNTER, OFFICER JOHN MULVANEY, THE TOWNSHIP OF WEEHAWKEN, THE WEEHAWKEN POLICE DEPARTMENT and JOHN DOES 1-10, who, acting under color of state

3

4803654000         6/3/2008 2:46:09 PM      PAGE   7/017    Fax Server

05/30/2008 11:43 FAX  808 272 1839      HRH                              ☒008/018
05/28/2008  08:33   2018659763           CLERK                           PAGE  85

Page 6 of 16 Received on 5/30/2008 8:39:08 AM [US Mountain Standard Ti

law and under authority, custom and usage violated the civil rights of plaintiff protected by and secured under the provisions of the First, Fourth, Sixth, Eighth, Ninth and Fourteenth amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United Stated Code, Sections 1981, 1983 and Title 43 of the United States Code, Section 1985 (2) et. seq.

18. At all relevant times herein, defendants OFFICER MULVANEY, OFFICER PAYNTER and JOHN DOES 1-10 were acting under color of state law and within the scope of their authority as employees and/or officers of the PUBLIC ENTITY defendants.

19. Plaintiff also institutes this action pursuant to the laws of the State of New Jersey for damages arising by reason of assault, battery, intentional infliction of mental distress, pain and suffering, negligence, failure to property hire, train and supervise, abuse of authority, failure to provide adequate medical care and treatment, failure to intervene and failure to protect, among other acts of negligence.

20. Plaintiff timely served Notices of Claims for damages in the form prescribed by New Jersey Statues Title 59:8-4 and signed by plaintiff's representative upon the PUBLIC ENTITY defendants by certified mail within the statutorily prescribed period.

21. More than six (6) months have elapsed since service of Plaintiff's Notices of Claims and the claims remain unresolved.

4

4803654000          6/3/2008 2:46:09 PM      PAGE    8/017     Fax Server

05/30/2008 11:44 FAX  806 272 1838         HRH                      007/018
05/29/2008 08:33      2018668763         CLERK                      PAGE 06

Page 7 of 16 Received on 5/30/2008 8:39:08 AM [US Mountain Standard Ti

22. This action is commenced within two (2) years from the date of the occurrence. The defendants have made no attempt to settle this matter, nor have they or anyone of them made any attempt to settle or discuss settlement. More than six months has elapsed and Plaintiff has a right to institute suit under Title 59. Plaintiff has suffered such serious and permanent personal injuries such as to meet the threshold requirements of Title 59 and has a right to institute suit

23. During all relevant times herein, the PUBLIC ENTITY defendants, their agents, servants and/or employees acted under color of state law, under the color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, usages, and practices of the subject departments, agencies and entities.

24. During all relevant times herein, the aforementioned defendants acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit unlawful assault, battery and violations of civil rights upon plaintiff SEDELL as well as to fail to provide proper medical care to SEDELL.

25. During all relevant times herein the PUBLIC ENTITY defendants, their agents, servants and/or employees acted with deliberate and conscious indifference to SEDELL's constitutional rights which violations arose out of a pattern or custom or policy and practice by each of the PUBLIC ENTITY defendants, in permitting and allowing the use of excessive force, permitting

5

4803654000          6/3/2008 2:46:09 PM     PAGE    9/017    Fax Server

05/30/2008 11:44 FAX  808 272 1839       HRH                                    ☒008/018
05/29/2008  88:33   2018668763              CLERK                              PAGE  07

and condoning the use of excessive force and lack of adequate medical attention, violation of procedures, inadequate record keeping, maintaining inadequate policies and protocols for use of force and the handling of persons arrested; failing to intervene in the use of unjustified, unnecessary and excessive force, as well as the failure to properly hire, train and supervise PUBLIC ENTITY employees in the proper conduct of their duties, among other acts and omissions.

26. During all relevant times herein the defendant PUBLIC ENTITIES, their agents, servants and/or employees, and JOHN DOES 1-10, by reason of their acts, omissions, deliberate and conscious indifference to the rights of SEDELL, deprived SEDELL of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to plaintiffs pursuant to Title 42 Section 1983, 1981 and 1965 of the United Stated Code and under state common law.

27. At all relevant times herein the aforedescribed acts were committed under color of law within the authority of the agents, servants, and employees of the PUBLIC ENTITY defendants and JOHN DOES 1-10.

28. The PUBLIC ENTITY defendants acted pursuant to official policy and/or custom and to deprive plaintiff of his constitutional rights under 42 U.S. code section 1983.

29. By reason of the foregoing, Plaintiff SEDELL was deprived of his right to due process and equal protection of the

6

4803654000               6/3/2008 2:46:09 PM     PAGE 10/017     Fax Server
05/30/2008 11:44 FAX 808 272 1838      HRH                          009/018
05/28/2008  08:33   2018568763           CLERK                    PAGE 08

law guaranteed under the Fourth, Fifth, Sixth and Eight amendments to the Constitution of the United States.

30. By reason of the foregoing, defendants violated the civil rights of SEDELL.

~~31. By reason of the foregoing, and as a direct and~~ proximate result of defendant's negligence and constitutional violations, plaintiff SEDELL sustained serious and severe injuries.

32. As a direct and proximate result of the violation of constitutional rights as aforedescribed, plaintiff SEDELL was caused to suffer severe, painful and permanent personal injuries, great physical pain, was compelled to undergo medical aid and treatment and was prevented from engaging in his usual activities.

33. By reason of the foregoing plaintiff has been damaged.

34. WHEREFORE plaintiff RICHARAD SEDELL demands judgment against Defendants TOWNSHIP OF WEEHAWKEN, WEEHAWKEN POLICE DEPARTMENT, OFFICER WILLIAM PAYNTER, OFFICER JOHN MULVANEY and JOHN DOES 1-10, jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

### SECOND COUNT

35. Plaintiff repeats and realleges each and every allegation contained in the FIRST COUNT as if set forth herein at length.

4803654000          6/3/2008 2:46:09 PM    PAGE    11/017    Fax Server
05/30/2008 11:44 FAX  908 272 1838       HRH                         ☒010/018
05/28/2008  08:33     2019558763         CLERK                       PAGE 09

36. The personal injuries and damages suffered by plaintiff SEDELL were caused solely as a result of the negligence and carelessness of the PUBLIC ENTITY defendants without any fault or negligence of the plaintiff contributing thereto.

37. ~~The acts and omissions of the defendants, each and~~ every one of them constituting negligence included the failure to have proper policies and procedures in place for effecting arrests; the use of unjustified and excessive use of force; the failure to intervene and/or prevent the subject occurrence; failure to properly hire, train and supervise staff; failure to provide proper medical treatment, failure to prevent the subject occurrence arising other acts of negligence.

38. As a direct and proximate result of the negligence as aforedescribed, SEDELL was caused to suffer severe, painful and permanent personal injuries and great physical pain, was compelled to undergo hospital and medical aid and treatment and was prevented from engaging in his usual activities.

39. By reason of the foregoing plaintiff has been damaged.

40. WHEREFORE plaintiff RICHARD R. SEDELL demands judgment against defendants TOWNSHIP OF WEEHAWKEN, WEEHAWKEN POLICE DEPARTMENT, OFFICER WILLIAM PAYNTER, OFFICER JOHN MULVANEY and JOHN DOES 1-10 jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

### THIRD COUNT

8

4803654000          6/3/2008 2:46:09 PM    PAGE 12/017    Fax Server

05/30/2008 11:45 FAX  908 272 1839       HRH                      ☒011/016
05/28/2008  08:33   2018568763       CLERK                    PAGE 10

41. Plaintiff repeats and realleges each and every allegation contained in the FIRST and SECOND COUNTS as if set forth herein at length.

42. The actions of the Defendants individually and ~~severally as described above constitute a conspiracy to commit an~~ assault and battery, threaten and otherwise intimidate Plaintiff in violation of 42 United States Code Section 1985 (2) et seq.

43. Defendants, their agents, servants and employees without cause or justification and without the consent of Plaintiff did wantonly, recklessly and maliciously batter and engage in unlawful physical contact with and using excessive force on Plaintiff under state law.

44. By reason of the aforesaid occurrence and the intentional, willful and malicious assault and battery by the Defendants and each one individually, Plaintiff was caused to suffer severe, painful and permanent personal injuries with great physical pain, was compelled to undergo medical aid and treatment and was prevented from engaging in his usual activities.

45. By reason of the foregoing plaintiff SEDELL has been damaged.

46. WHEREFORE plaintiff Richard R. Sedell demands judgment against defendants TOWNSHIP OF WEEHAWKEN, WEEHAWKEN POLICE DEPARTMENT, OFFICER WILLIAM PAYNTER, OFFICER JOHN MULVANEY and JOHN DOES 1-10 jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

9

Page 11 of 16 Received on 5/30/2008 8:39:08 AM [US Mountain Standard T

## FOURTH COUNT

47. Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND and THIRD COUNTS as if set forth herein at length.

~~48. During the period that OFFICER WILLIAM PAYNTER,~~ OFFICER JOHN MULVANEY and JOHN DOES 1-3 detained, questioned and arrested Plaintiff through the time he remained in and was discharged from their custody and care, the PUBLIC ENTITY defendants and JOHN DOES 4-10, their agents, servants and employees, abused the legal process, which unlawful acts constitute abuse of process.

49. By reason of the foregoing plaintiff SEDELL was caused to suffer severe, painful and permanent personal injuries and great physical pain was compelled to undergo medical aid and treatment and was prevented from engaging in his usual activities.

50. By reason of the foregoing plaintiff SEDELL has been damaged.

51. WHEREFORE plaintiff Richard R. Sedell demands judgment against defendants TOWNSHIP OF WEEHAWKEN, WEEHAWKEN POLICE DEPARTMENT, OFFICER WILLIAM PAYNTER, OFFICER JOHN MULVANEY and JOHN DOES 1-10 jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

## FIFTH COUNT

10

52. Plaintiff repeats and realleges each and every allegation contained in the FIRST, SECOND, THIRD and FOURTH COUNTS of the Complaint as if set fully herein at length.

53. All the foregoing acts and omissions of the defendants were done in a malicious, wanton, willful and/or grossly negligent manner.

54. By reason of the foregoing plaintiffs are entitled to punitive damages on all previous causes of action against the defendants along with costs and attorney fees.

55. WHEREFORE plaintiff RICHARD R. SEDELL demands judgment against defendants TOWNSHIP OF WEEHAWKEN, WEEHAWKEN POLICE DEPARTMENT, OFFICER WILLIAM PAYNTER, OFFICER JOHN MULVANEY and JOHN DOES 1-10 jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

                                    KOLES, BURKE & BUSTILLO, L.L.P.
                                    Attorneys for Plaintiff

                                    BY: _____
                                         JONATHAN KOLES, ESQ.

Dated: May 13, 2008

### DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury of all issues so triable.

Dated: May 13, 2008

                                    BY: _____
                                         JONATHAN KOLES, ESQ.

11

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, JONATHAN KOLES, ESQ. is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

Dated: May 13, 2008

BY: _____
    JONATHAN KOLES, ESQ.

## CERTIFICATION

JONATHAN KOLES, ESQ., of full age, certifies:

1. KOLES, BURKE & BUSTILLO, L.L.P. has been retained to represent plaintiff, RICHARD R. SEDELL in connection with the within matter. I am the attorney in charge of the case.

2. The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

3. There are no other parties who should be joined.

4. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: May 13, 2008

_____
JONATHAN KOLES, ESQ.

12